IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

R.M. DELEVAN, INC., and SUSQUEHANNA :
LOCOMOTIVE AND RAILCAR REPAIR :
SERVICES, INC. :
:
    Plaintiffs :
:
v. : 3:11-cv-0119
: (JUDGE MARIANI)
NEW YORK SUSQUEHANNA AND :
WESTERN RAILWAY CORPORATION :
:
    Defendant :

## MEMORANDUM OPINION

The above-captioned matter was originally filed in the Court of Common Pleas of Luzerne County, Pennsylvania, on December 16, 2010. Defendant filed a Notice of Removal (Doc. 1.) on January 18, 2011, in which it asserted federal jurisdiction on the basis of diversity of citizenship under 28 U.S.C. § 1332. On December 8, 2011, Defendant moved for summary judgment on all claims. On October 30, 2012, the Court directed the parties to submit Supplemental Briefs ("Supplemental Briefs") addressing the propriety of this Court's assertion of jurisdiction with regard to the existence of complete diversity among the parties and Defendant's claim of fraudulent joinder of Plaintiff Susquehanna Locomotive and Railcar Repair Services, Inc. The parties have fully complied with the Court's order, and the Court can now proceed to address the question of its subject matter jurisdiction.

## BACKGROUND

Defendant's Notice of Removal (Doc. 1), citing Plaintiffs' Complaint, indicates that Plaintiff R.M. Delevan, Inc. ("Delevan") is a Pennsylvania corporation with a principal place of business in Duryea, Pennsylvania; that Plaintiff Susquehanna Locomotive and Railcar Repair Services, Inc. ("SLRRS") is a New York corporation with a principal place of business in Duryea, Pennsylvania; and that Defendant New York Susquehanna and Western Railway Corporation ("Defendant") is a New Jersey corporation with a principal place of business in in Cooperstown, New York.

Plaintiff's Complaint alleges that both Delevan and SLRRS suffered injury as a result of actions allegedly undertaken by Defendant. Defendant maintains that SLRRS was "fraudulently joined" as a Plaintiff in the matter, and that the Court should not consider SLRRS's residency in a diversity analysis.

## DISCUSSION

A removing party bears the burden of demonstrating "that at all stages of the litigation the case is properly before the federal court." *Brown v. Jevic*, 575 F.3d 322, 326 (3d Cir. 2009). "Removal statutes are to be strictly construed, with all doubts to be resolved in favor of remand." *Id.* (citing *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir. 1992)). "Federal courts should not sanction devices intended to prevent a removal to a Federal court where one has that right." *Id.* (citing *Wecker v. Nat'l Enameling & Stamping Co.*, 204 U.S. 176, 186, 27 S.Ct. 184, 51 L.Ed. 430 (1907)). This principle is applied within

the Third Circuit "in the context of fraudulent joinder used to defeat diversity jurisdiction." *Id.* (citing *In re Briscoe*, 448 F.3d 201, 216 (3d Cir. 2006)). "[A] defendant may still remove the action if . . . non-diverse defendants were 'fraudulently' named or joined solely to defeat" federal jurisdiction. *In re Briscoe*, 448 F.3d at 216 (internal citations omitted).

"Joinder is fraudulent where there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendants or seek a joint judgment." *Id.* at 217. "But, if there is even a possibility that a state court would find that the complaint states a cause of action against any one of the . . . defendants, the federal court must find that joinder was proper and remand the case to state court. . . ." *Batoff*, 977 F.2d at 851. As the Eastern District of Pennsylvania noted in *In re Diet Drugs*, No. 98-20478, 1999 WL 554584 (E.D. Pa. Jul. 16, 1999), the parties joined in an action as Plaintiffs "must have some connection to the controversy if their joinder will defeat diversity jurisdiction." *Id.* at *2. Citing the Eleventh Circuit's decision in *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d. 1353 (11th Cir. 1996), the *In re Diet Drugs* court noted that "misjoinder can be just as fraudulent as the joinder of a resident defendant against whom a plaintiff has no possibility of a cause of action." *In re Diet Drugs*, 1999 WL 554584, at *3 (citing *Tapscott*, 77 F.3d at 1360). But to maintain that such a joinder is fraudulent, "the court must find that the joinder is so egregious . . . because it wrongfully deprives [d]efendants the right of removal." *Id.* at *3.

3

A district court's evaluation of the alleged fraud must "focus on the plaintiff's complaint at the time the petition for removal was filed." *Briscoe*, 448 F.3d at 217 (quoting *Batoff*, 977 F.2d at 852). "In so ruling, the district court must assume as true all factual allegations of the complaint." *Id.* Further, "[i]t must also resolve any uncertainties as to the current state of controlling substantive law in favor of the plaintiff." *Id.*

Applying these standards, the Court should not engage in "merits determinations in the context of a fraudulent joinder inquiry." *In re Briscoe*, 448 F.3d at 217-218. It remains possible for a party to be non-fraudulently joined and still have a claim dismissed for failure to state a claim upon which relief may be granted. *See id.* at 218. In the Third Circuit, a district court is not permitted to turn a jurisdictional inquiry into a motion to dismiss. *See id.* "Unless the claims against the non-diverse defendant could be deemed 'wholly insubstantial and frivolous' . . . the joinder could not be considered fraudulent." *Id.* The Third Circuit further ruled in *Briscoe* that "where there are colorable claims or defenses asserted against or by diverse and non-diverse defendants alike, the court may not find that the non-diverse parties were fraudulently joined based on its view of the merits of those claims or defenses." *Id.* (citing *Boyer v. Snap on Tools Corp.*, 913 F.2d 108, 113 (3d Cir. 1990)). "[A] district court must not step 'from the threshold jurisdictional issue into a decision on the merits.'" *Id.* at 219 (citing *Boyer*, 913 F.2d at 112; *also Bastoff*, 977 F.2d at 852)).

In conducting the jurisdictional analysis, the Third Circuit in *Briscoe* expressed its view that "we see no reason to preclude a district court from a limited consideration of

4

reliable evidence that the defendant may proffer to support the removal." *Id.* at 220. "Such evidence may be found in the record from prior proceedings . . . or in other relevant matters that are properly subject to judicial notice." *Id.* "Such a limited look outside the pleadings does not risk crossing the line between a proper threshold jurisdictional inquiry and an improper decision on the merits." *Id.* "A limited look beyond the pleadings . . . runs no risk of usurping jurisdiction over cases that properly belong in state court." *Id.*

In the present matter, Plaintiffs proffer several allegations relating to the overpayment of funds under an Operating License Agreement ("Agreement") originally entered into between RMDI and Defendant, in addition to damages suffered as a result of torts allegedly committed by Defendant. SLRRS alleges that it was assigned all rights and obligations arising under the Agreement by RMDI. Defendant asserts that any assignment of the Agreement was required to be in writing, and that the purported assignment was invalid. Defendant further argues that the invalidity of the assignment leaves SLRRS without any standing as a Plaintiff in this matter, and that its joinder is fraudulent as a matter of law.

As the Agreement specifically provides that New York law governs, the Court turns to the substantive law of that jurisdiction to determine whether oral modification or assignment may, under certain circumstances, be permitted. If there is any basis for Plaintiff SLRRS to assert a claim, joinder cannot be considered fraudulent and complete diversity would be lost. *See In re Briscoe*, 448 F.3d at 218 (joinder is not fraudulent unless

5

the claims "against the non-diverse defendant could be deemed 'wholly insubstantial and frivolous'")(internal citations excluded).

In *Rose v. Spa Realty Associates*, 336 N.E.2d 1279, 1283 (N.Y. 1997), the New York Court of Appeals noted that "a contract once made can be unmade, and a contractual prohibition against oral modification may itself be waived." *Id.* (citing *Beatty v. Guggenheim Exploration Co.*, 225 N.Y. 380, 387-88, 122 N.E. 378, 380-81(N.Y. 1919); *see also Wagner v. Graziano Const. Co.*, 136 A.2d 82, 84 (Pa. 1957)("Even where the contract specifically states that no non-written modification will be recognized, the parties may yet alter their agreement by parol negotiation")). Although N.Y. Gen. Oblig. Law § 15-301 generally prohibits the oral modification of written agreements that contain non-oral modification clauses, the rule is not absolute. In fact, "section 15-301 nullifies only 'executory' oral modification." *Rose*, 336 N.E.2d. at 1283. "Once executed, the oral modification may be proved." *Id.* "[O]nly if the partial performance be unequivocally referable to the oral modification is the requirement of a writing under section 15-301 avoided." *Id.* In the present matter, it is not clear whether Defendant, who could have stood on the written terms of the Agreement, acquiesced to an oral assignment of the Agreement.

A thorough review of the record indicates that Defendant may have acknowledged an oral modification sufficient to show that it acquiesced to RMDI's assignment of the Agreement to SLRRS. The original Agreement provided that RMDI was to provide monthly payments to Defendant in the amount of $1500, plus a set percentage of earnings.

6

Plaintiffs argue that the parties agreed to orally modify the Agreement to require only a flat monthly payment of $2,500 by SLRRS. Invoices sent from Defendant indicate that an oral modification may have taken place, as Defendant demanded payment in the amount of $2,500, and Defendant's invoices are specifically addressed to SLRRS. (*See* Lease Payment Invoices, ECF Dkt. 70-2.)

Finally, in connection with the submission requested by this Court concerning the propriety of its diversity jurisdiction, Plaintiff provided documentary evidence that further indicates that Defendant at least acknowledges the legitimate presence of SLRRS in this dispute because it sought and obtained a judgment in New York's courts based upon the alleged non-payment of sums due under the Agreement. (*See* Notice of Entry of Foreign Judgment, ECF Dkt. 70-4.) Defendant then sought to have Pennsylvania's courts enforce the judgments against <u>both</u> SLRRS and RMDI for lack of payment under the Agreement. (*See* Notice of Entry of Foreign Judgment, ECF Dkt. 70-4.) Without passing judgment on the merits of any claim, and without making any factual determinations, the Court holds that it is not implausible, as a matter of law, for Pennsylvania's state courts to find that SLRRS is a legitimate litigant in this case. The Court cannot enter a finding that SLRRS was fraudulently joined, and as a consequence, SLRRS is a party whose residency must be considered in any diversity analysis. Because SLRRS is a citizen of both New York and Pennsylvania, and because Defendant is a citizen of New York and New Jersey, complete diversity is absent and this Court lacks jurisdiction to hear the dispute. *See* 28 U.S.C. §

7

1332(c)(1) ("a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where is has its principal place of business").

## CONCLUSION

For the reasons set forth in this memorandum opinion, this case will be remanded to the Court of Common Pleas of Luzerne County, Pennsylvania.

DATE: December 4, 2012

Robert D. Mariani
United States District Judge